UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| RYAN REITHEL, ALEC DAVIS, FELIPE H. | ) | |
| HERNANDEZ, WILLIAM J. WALTON, DANIEL | ) | |
| WALDROP, RICHARD C. ANDERSON, JR., | ) | |
| THOMAS R. CORSIGLIA, EDWARD J. | ) | |
| SHIKANY, as Trustees of the Local 697, IBEW | ) | |
| And Electrical Industry Pension Fund; Lake | ) | |
| County, Indiana NECA IBEW Health and Welfare | ) | |
| Plan; IBEW and Electrical Industry Local 697 | ) | |
| Money Purchase Plan and Trust; IBEW Local | ) | |
| 697 SubFund, IBEW Local Union 697 and | ) | |
| Electrical Industry Health & Welfare Plan P | ) | |
| Benefit Plan; THOMAS FRAME, PHILIP | ) | |
| SHIKANY, WILLIAM J. WALTON, RYAN | ) | |
| REITHEL, RONALD GOODMAN, IVAN | ) | |
| SIMMONS, as Trustees of Local 697 IBEW and | ) | |
| Electrical Industry Apprentice and Training Trust; | ) | |
| RYAN REITHEL, as Business Manager of IBEW | ) | |
| Local 697, as representative in his capacity as | ) | |
| custodian of the IBEW Local 697 Vacation Fund | ) | |
| and IBEW Local 697 Union Dues | ) | |
| | ) | |
| Plaintiffs, | ) | Civil No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| E&S COMPUTER CONSULTANTS, INC., | ) | |
| E&S TECHNOLOGY SOLUTIONS, LLC, | ) | |
| EGS COMPUTER CONSULTANTS, LLC, and | ) | |
| EGS TECHNOLOGY SOLUTIONS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

The Plaintiffs, as Trustees of IBEW Local 697 Health & Benefit Plan, IBEW & Electrical

Industry local 697 Money Purchase Plan and Trust, IBEW Local Union 697 SubFund,  IBEW and

Electrical Industry Pension Fund, IBEW Health and Benefit Plan P and as Trustees of the Local

697 IBEW and Electrical Industry Apprenticeship and Training Trust and as Custodians and duly

authorized representatives of the IBEW Local 697 Vacation Fund and IBEW local 697 Union

Dues, allege as follows:

1.   This action is brought under the laws of the United States and its brought pursuant to Section 502(g) (2), (a) (3) and 515 of the Employee Retirement Income Security Act of 1974 as amended, 29 U.S.C. Sections 1`132 and 1145 (hereinafter referred to as "ERISA").

2.   Jurisdiction is based upon the existence of questions arising under ERISA and pursuant to Section 502 (e) (1) and (e) (2) which states in pertinent part:

> Where an action under the subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a Defendant resides of may be found, and process may be served at any other district where Defendant resides or may be found.

3.   The Plaintiffs bring this action in their capacity as Trustees of the Local 697, IBEW and Electrical Industry Pension Fund; Lake County, Indiana NECA IBEW Health and Welfare Plan; IBEW and Electrical Industry Local 697 Money Purchase Plan and Trust; IBEW Local Union 697 SubFund, IBEW Local Union 697 and Electrical Industry Health & Welfare Plan P Benefit Plan; Local 697 IBEW and Electrical Industry Apprentice and Training Trust; IBEW Local 697 Union Dues, IBEW Local Union 697 Vacation Fund (respectively referred to as "Funds"), and which are "employee welfare benefit plans," and "plans" within the meaning of EERISA, Plaintiffs being the now acting Trustees thereof administering said funds within this district.

4.   The Defendant is an employer within the meaning of ERISA, which is obligated to make fringe benefit contributions to the aforementioned Funds and to the Plaintiffs as Trustees of those Funds as herein set out under the terms of the agreements and declarations of trust pursuant to which Plaintiffs' Funds are maintained and/or pursuant to terms of a Collective Bargaining Agreement and Letter of Assent to which the Defendant is obligated, a true and exact copy of said Collective Bargaining Agreement and Letter of Assent in question are made a part hereof, attached hereto and marked as Exhibits "A" and "B", respectively.

5.   The Defendant is obligated under the terms of the Collective Bargaining Agreement and Letter of Assent to pay the fringe benefits and other benefits called for thereunder.

6.   The office for said Funds is located at 7200 Mississippi Street, Merrillville, Lake Country, Indiana and the Funds are administered in the Northern District of Indiana.

7.   The Defendant maintains its principal place of business at 3809 Calumet Avenue, Valparaiso, Indiana  46383.

8.   As provided in the fund and trust agreements and the Collective Bargaining Agreement, the Plaintiffs are required to receive, hold, and manage all monies required to be contributed to the various Funds named herein in accordance with the provisions in the then-applicable Collective Bargaining Agreement and for the uses and purposes set forth in the various trust agreements.

9.   Defendant employs or has employed persons represented for collective bargaining purposes by IBEW local Union 697 and the Defendant has agreed to be found by the Collective Bargaining Agreement referred to herein and by the terms of which the Defendant was required to contribute to said funds as evidence by the Letter of Assent which is attached hereto and made a part hereof as Exhibit "B".

10. As an employer obligated to make payments into said "Funds" under said Collective Bargaining Agreement and said trust agreements, Defendant is specifically required to do the following:

    a.  To submit for each month a report stating the names, social security numbers and number of hours worked in such month by each and every person on whose behalf contributions are required to be made by Defendant to Plaintiffs, or, if no such persons are employed, to submitted a report so stating;

    b.  To accompany the aforesaid reports with payments of contributions in the amounts as stated in the applicable portions of the Collective Bargaining Agreement;

    c.  To make all of its payroll books and records available to Plaintiffs for the purposes of auditing and verifying the accuracy of Defendant's past reporting upon the request of the Plaintiffs;

    d.  To pay Plaintiffs' liquidated damages and interest in the event of a failure to make timely payments in the amount of ten percent (10%) of the total amounts due;

    e.  To pay any and all costs incurred by Plaintiffs in auditing Defendant's payroll

records should it be determined that Defendant was delinquent in reporting or submission of all contributions required by it to be made to Plaintiffs;

    f.    To pay Plaintiffs' reasonable attorney fees and costs, including audit costs and all other costs in the event of a failure to make timely payments and which reasonable attorney fees are pursuant to the Collective Bargaining Agreement the sum of 33 1/3 percent of all amounts due, including liquidated damages and interest.

11. Defendant is delinquent and has breached its obligations to Plaintiffs and its obligations under the various funds by, among other things, failing to make required timely payments to the Funds pursuant to the terms of the Collective Bargaining Agreement by which the Defendant is bound and by failing to submit timely accurate contributions reports, all in violation of the Defendant's contractual obligations and said Defendant's obligations under applicable federal statutes.

12. As a result of the above-described omissions and breaches of the Collective Bargaining Agreement by the Defendant, Plaintiffs may be required to deny benefits to the members of said Local IBEW 697 for whom contributions have not been made pursuant to the Collective Bargaining Agreement, thereby causing to such members substantial and irreparable harm, or to provide to employees of the Defendant the benefits provided under the plan. Notwithstanding the Defendant's failure to make the required contributions and to file the appropriate monthly reports, the Defendant is reducing the corpus of each of the trust funds referred to herein and endangering the rights of the members of said trust and the employee beneficiaries thereunder on whose behalf contributions are to be made, all to their substantial and irreparable injury.

13. The Plaintiffs in their behalf and on behalf of all members and employee beneficiaries of said trust to whose benefit the funds were established, having requested Defendant to perform its obligations, but Defendant has refused and failed to perform as herein alleged and such failure is ongoing and continues.

14. Defendants and/or of each of them are indebted to the Plaintiffs in their representative capacities to the trusts, funds or organizations as follows: Local 697, IBEW and Electrical Industry

Pension Fund $3,390.02; Lake County, Indiana NECA IBEW Health and Welfare Plan $3,696.73; IBEW and Electrical Industry Local 697 Money Purchase Plan and Trust $1,371.10; IBEW Local Union 697 SubFund $261.00, IBEW Local Union 697 and Electrical Industry Health & Welfare Plan P Benefit Plan $1,344.52; Local 697 IBEW and Electrical Industry Apprentice and Training Trust $438.19; IBEW Local 697 Union Dues $355.93.

15. Plaintiffs are within an adequate remedy at law and will suffer immediate, continued and irreconcilable injury and damage unless Defendant is ordered to specifically perform all of its obligations required under the Collective Bargaining Agreement and the fund and trust agreements and is restrained from continuing to refuse to perform their obligations as required thereunder.

16. The Plaintiffs do not currently know the total amounts owed by the Plaintiffs to the various fringe Funds inasmuch as monthly payroll reports have not been submitted for all months that the Defendants have been signatory to the union Collective Bargaining Agreement and such additional amounts due and owing which will be obtained during discovery.

17. Defendant is currently delinquent to said Funds in an unknown amount plus any additional amounts which become delinquent during the pendency of this action, or which become known to the Plaintiffs based upon the Defendant's failure to submit all required reports or to accurately state all hours for which contributions are due on reports previously submitted, plus Plaintiffs' attorney fees in the amount of one-third (1/3) of the total amount due, including interest and said Defendant is also obligated under the agreement to pay liquidated damages in the amount of twenty percent (20%) as set forth in the Collective Bargaining Agreement, and any and all costs and other damages related to the non-payment of benefits and the failure to provide monthly reports to the Plaintiffs by the Defendant as required under the agreements.

18. Defendant's failure to pay is a violation of the Collective Bargaining Agreement and the fund and trust agreements. Plaintiffs therefore seek enforcement of the ERISA provisions, and

WHEREFORE, pray as follows:

a.   For an immediate Order mandating payment of all delinquent funds to the Plaintiffs by the Defendant;

b.   For judgment in the amount of delinquencies owed, plus any additional amounts which become delinquent during the pendency of this action;

c.   That the Plaintiffs be awarded their costs, including reasonable attorney fees in the amount of one-third (1/3) of the delinquency owed, as set forth herein, including interest and liquidated damages;

d.   That interest and liquidated damages be assessed against the Defendant as provided for in the Collective Bargaining Agreement and the applicable provisions of ERISA as amended;

e.   That the Defendant be compelled to account to the Plaintiffs for contributions due as aforesaid and to pay the Plaintiffs the amount found due and owing in accordance with the applicable provisions of ERISA and the Collective Bargaining Agreement;

f.   That the Defendant be enjoined and ordered to submit any and all delinquent monthly contribution reports to the Plaintiffs stating the information so required to be stated thereon and to continue submitting such reports while this action is pending in accordance with the Collective Bargaining Agreement;

g.   That the Defendant be permanently enjoined to perform specifically its obligations to the Plaintiffs and in particular, to continue submitting the required reports and contributions due to the Plaintiffs in a timely fashion as required by the Collective Bargaining agreement, the Funds and by ERISA; and

h.   That the Plaintiffs have such further relief as may be deemed just and proper.

Respectfully submitted,
HAGBERG & ASSOCIATES, P.C.
Attorney for Plaintiffs


 /s/ Harold G. Hagberg
Harold G. Hagberg, #7361-45
11045 Broadway, Suite D
Crown Point, IN  46307
219-864-9055
FAX: 219-864-9062

## **JURY DEMAND**

COME NOW the Plaintiffs, by counsel, and request trial by jury.


Respectfully submitted,
HAGBERG & ASSOCIATES, P.C.
Attorney for Plaintiffs


 /s/ Harold G. Hagberg
Harold G. Hagberg, #7361-45
11045 Broadway, Suite D
Crown Point, IN  46307
219-864-9055
FAX: 219-864-9062